1828.

Benson
v.
Le Roy.

[*122]

---

BENSON AND OTHERS *v.* LE ROY AND OTHERS.

Where one party is examined as a witness against another party in the same cause, he may be cross-examined, like any other witness, by the party against whom he is called, and his evidence cannot be used in his own favor.

But where a party is examined before a master in relation to his own rights, the examination is in the nature of a bill of discovery. He cannot be cross-examined by his own counsel, nor can he give evidence in his own favor any farther than his answers are responsive to the questions put to him.

He may, however, accompany his answer by explanations responsive to the interrogatory, which may be necessary to rebut any improper inference arising from such answer.

ON the application of the defendants, Roswell L. Colt June 30th. was ordered to be examined as a party, before the master, in relation to a claim made by him against the estate of Jacob Le Roy, deceased, in the hands of the defendants. The object of the defendants was to show, that certain entries in the books of the partnership were not made previous to the death of Le Roy. Among other questions put to Colt, by the defendants, he was asked where he was at the death of Le Roy, and how long he had been there ?

1828.

Benson
v.
Le Roy.

He answered, that he was at Trenton, and had been there about four days. His own counsel then proposed to ask him when he left the city of New York to go to Trenton, and how long he had been in New York prior to his so leaving it. To this, the counsel of the defendant objected, and the master refused to put these questions to the examinant. An application was then made to this court to reverse the decision of the master.

*D. B. Ogden* and *O. Hoffman*, for the motion.

[*123]          **R.* Emmet* and *J. I. Rosevelt*, contra.

THE CHANCELLOR :—When a party is examined as a witness against another party in the cause, he stands in the same situation as any other witness, and may be cross-examined by the party against whom he is called ; but his testimony cannot be used as evidence in his own favor. When he is examined before a master, in relation to his own rights in the cause, the examination is in the nature of a bill of discovery. There can be no cross-examination by his counsel ; and he cannot give testimony in his own favor, except so far as his answers may be responsive to the questions put by the opposite party. To that extent, his answers are evidence in his own favor, on the same principle that the answer of a defendant, responsive to the bill, is evidence against the complainant. The ancient practice was to file written interrogatories for the examination of a party, to which he put in his answer in writing. The modern practice of examining orally before the master, does not alter the rights of either party. The examinant may accompany his answer by any explanation, fairly responsive to the interrogatory, which may be necessary to rebut any improper inference arising from the answer.

In this case, the fact that the examinant was in Trenton at the death of Le Roy, and for four days previous thereto, could raise no presumption that he was not in New York

immediately before that time. The evidence in his own favor, which was attempted to be drawn from him by the questions put by his counsel, was not fairly responsive to the questions put by the other side, "Where were you at the death of Le Roy? and how long had you been there?" The master, therefore, decided correctly in refusing to permit the examinant to answer the questions put by his own counsel; and this application to reverse the decision of the master is refused, with costs, to be paid by Colt, the applicant.