## Case No. 4,920.

FOOTE v. SILSBY et al.

[3 Blatchf. 507.] [1]

Circuit Court, N. D. New York. Aug. 28, 1856.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Elisha Foote, plaintiff, in person.

William H. Seward, Samuel Blatchford, and William A. Sackett, for defendants.

Before NELSON, Circuit Justice, and HALL, District Judge.

HALL, District Judge. One of the exceptions taken by the plaintiff relates to the examination of some of the defendants as witnesses in their own behalf, after an objection made thereto by the plaintiff. In my opinion, the exception is well taken.

Under the 77th rule prescribed by the supreme court for the observance of the circuit courts in equity cases, the plaintiff had a right, without special order, to call and examine the defendants, and each of them, as parties, and to obtain from them, in that mode, evidence in support of the claims made by the plaintiff upon the reference. The object of the rule was to obviate the necessity of providing specially, in each case, by the order of reference, for the examination of the parties before the master, upon the application of the adverse party. It was under this rule that some of the defendants were called and examined by the plaintiff, and it was under this rule that the defendants insisted that they had a right to examine each other as general witnesses upon the reference, after the defendant proposed to be examined in behalf of himself and his co-defendants had been called and examined as a party by the plaintiff, or had been sworn by the master upon the plaintiff's application.

I cannot think that the defendants had the right claimed, and which was allowed by the master. It certainly could not have been intended, by the general language of the rule

referred to, to give to defendants a right to be sworn and examined as witnesses in the cause, upon their own application, and to give testimony in their own behalf, against the objections of the opposing party; nor could it have been intended to give to the master an unlimited discretion to make parties witnesses in their own favor, unless such right and discretion had previously existed in the cases in which similar language had been used in the special orders of the court directing similar references. If it had been intended to change the settled practice of courts of equity in respect to a question of great importance, and of such frequent occurrence, it may be safely assumed that the intention to make such change would have been distinctly and explicitly declared.

It is, therefore, proper, if not necessary, to ascertain the practice of courts of equity in cases where this right to examine parties was expressly given by the order under which the reference proceeded in the particular case in which the question was raised. It is, I think, entirely clear that, under such an order of reference, the right to examine the parties to the proceeding is given for the purpose of enabling a party to obtain the admissions and evidence of an adverse party in the cause, or to authorize the master to obtain such evidence and admissions in favor of parties having adverse interests, and who are prevented from attending before him upon the reference by reason of absence from the country, or other cause, the examination of the party being allowed for the purpose of compelling him to make admissions, or give testimony, against his own interest. It was intended thereby to probe the conscience of the defendant, in the exercise of the right to discovery by the oath of the adverse party, which is conceded to suitors in equity, and which right of discovery is one of the original and essential heads of equity jurisdiction. And, although the exhibition of interrogatories duly settled was the original, and, perhaps, in the early judicial history of this state, the most usual form of such examination before the master, the practice gradually became less formal and stringent, and oral examinations have been frequent, if they have not most generally prevailed. It was declared by Chancellor Kent, as early as 1817, that this change was one of convenience merely, and involved no principle of policy or of right. The same view was taken of this question by Chancellor Walworth, in 1828; and he declared, that when a party is examined before a master in relation to his rights in the cause, the examination is in the nature of a bill of discovery. There can be no cross-examination by his own counsel, and he cannot give testimony in his own favor, except so far as his answers may be responsive to the questions put by the opposite party. Remsen v. Remsen, 2 Johns. Ch. 495, 499; Hart v. Ten Eyck, Id. 513; Benson v. Le Roy, 1 Paige, 122; Daniell, Ch. Pr. 1367, 1368; 1 Barb. Ch. Pr. 492. The 105th rule of the court of chancery of this state, which took effect January 1st, 1830, declared that the master should be at liberty to examine any party, creditor, or other person coming in to claim before him, either upon interrogatories, or viva voce, or in both modes; and this provision was continued in force until the court of chancery was abolished. But I have been unable to find any case in which it was ever held that, under this rule, a party could be called by the master for the purpose of giving testimony in his own behalf, or could volunteer testimony in his own behalf when called by the opposing party. It is unnecessary to discuss the question of fact, whether the defendant Henion, or the other defendants, were called by their own counsel, or by the master. If by the latter, they testified in their own behalf, on an examination by their own counsel, notwithstanding the objections of the plaintiff; and this is quite as objectionable as an examination under the call of their own counsel, without the intervention of the master. Even if properly called as a witness against another party in the cause, and liable to be cross-examined by the party against whom he is called, a defendant cannot give testimony to be used in his own favor. Benson v. Le Roy, ubi supra. And, in every possible view of this case, the testimony of the defendants, volunteered in their own favor, and elicited by questions put by their own counsel, was improperly admitted. The exception must, therefore, be allowed.[2]

[2] On appeal to the supreme court of the United States, the decree of this court was affirmed (Silsby v. Foote, 20 How. [61 U. S.] 378), so far as respects the point covered by this decision. [See, also, 20 How. (61 U. S.) 290.]

